836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra ROSS, Plaintiff-Appellant
v.
SECRETARY of HEALTH & HUMAN SERVICE, Defendant-Appellee
 No. 86-2108.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1987.
 
 Before BOYCE F. MARTIN, Jr., and RALPH B. GUY, Circuit Judges, and EDWARD H. JOHNSTONE,* Chief District Judge.
 PER CURIAM.
 
 
 1
 Sandra Ross appeals the decision of the district court granting summary judgment affirming the Secretary of Health and Human Services' order that Ross repay the Secretary the excess benefits she had received. Ross urges this court to remand this case for the consideration of new material evidence not previously available.
 
 
 2
 The relevant facts in this case are not disputed. On March 12, 1980, Ross applied for and began receiving Surviving Child's Insurance Benefits based upon the earnings record of her deceased father. On September 28, 1983, the Social Security Administration notified Ross that, because her actual earnings had exceeded her previous estimates, she had received excess benefits. Ross' monthly income was approximately $100 greater than her family's ordinary living expenses. The Secretary requested that the excess benefits, which amounted to $1,443.70, be returned. Ross admitted that she had received excess benefits, but she requested the Secretary waive its right of recovery. The Secretary refused.
 
 
 3
 On December 6, 1985, the Appeals Council upheld the decision of the administrative law judge that recovery could not be waived. On January 17, 1986, Ross brought a timely action in district court seeking judicial review of the Secretary's determination. On September 30, 1986, the district court accepted the magistrate's Report and Recommendation, granting summary judgment for the Secretary. As a result, Ross is to pay back the $1,443.70 she was overpaid. This is to be done by monthly payments of $20 to $40 per month, an amount determined from the $100 monthly buffer between her living expenses and her income.
 
 
 4
 Because of new material evidence not previously available, we believe this matter should be remanded. Under Willis v. Secretary of HHS, 729 F.2d 551 (6th Cir.1984), this court has recognized that it has the discretion to remand for consideration of new evidence where the claimant shows new and material evidence is available and good cause for the failure to incorporate such evidence into the prior proceeding. See 42 U.S.C. Sec. 405(g). Ross moves to have the medical records of her husband, from when he was in a health facility for substance abuse, admitted into evidence as proof of her changed financial circumstances. Ross also requests that we remand this matter so that her testimony may be taken as to the change in her financial position due to her impending divorce from her husband, as well as the debts incurred because of her husband's substance abuse problem. We believe this evidence to be material as there is a "reasonable possibility" that the additional evidence will cause the Secretary to change his mind. Johnson v. Heckler, No. 84-3287 (6th Cir. May 24, 1985) (citing Newhouse v. Heckler, 753 F.2d 283, 287 (3d Cir.1985). Because these debts had not yet been incurred, nor the possibility of divorce contemplated, at the time of the hearing, we believe there was good cause for Ross' failure to incorporate such evidence into the proceeding.
 
 
 5
 Accordingly, this matter is remanded for the consideration of new material evidence not previously available.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief United States District Judge for the Western District of Kentucky, sitting by designation